IRVING RUBIN, Individually, and as a Stockholder of ATLANTIC & PACIFIC WIRE & CABLE Co., INC., Suing in Behalf of Himself and for the Benefit of Said Corporation and All Other Stockholders of Said Corporation, Respondent, v. MARTIN OBOLER et al., Appellants.— Appeal (1) from an order made by an Official Referee entered September 3, 1958 granting respondent's motion to strike out appellants' answers for willful failure to produce books and records of the appellant corporation, said motion having been referred to the Official Referee to hear and determine by order entered April 10, 1958, (2) from an order and judgment (one paper) made by an Official Referee entered April 20, 1959 denying appellants' cross motion to set aside the decision and awarding damages in favor of respondent and against appellants in the principal sum of $132,938.82 in pursuance of an order entered November 3, 1958, granting respondent's motion for an assessment of such damages and referring the same to the Official Referee to hear and determine, and denying appellants' cross motion to vacate and set aside the Official Referee's order entered September 3, 1958, and (3) from an order entered May 12, 1959 denying appellants' motion to vacate and set aside the order and judgment entered April 20, 1959. In the notice of appeal from the order and judgment appellants state that they intend to bring up for review, pursuant to section 580 of the Civil Practice Act, the orders entered April 10, 1958 and November 3, 1958. Order entered September 3, 1958 and order and judgment (one paper) entered April 20, 1959 reversed, without costs, and motions to strike out the answers and for assessment of damages denied. Appeals from orders entered April 10, 1958, November 3, 1958 and May 12, 1959 dismissed, without costs, as academic. It appears that the motion to strike out the answers was made pursuant to section 299 of the Civil Practice Act upon the ground that appellants had failed to produce books and papers required by an order of the court. The record, however, fails to establish such nonproduction. The order requiring the production of books and papers was dated December 19, 1955 and required that appellants be examined concerning matters which had occurred prior to that date and that " books and records will be produced and used in accordance with section 296 of the Civil Practice Act." Concededly, the books and records were produced covering transactions through 1955. There was no order or notice requiring anything further. The motion was granted on the ground that " defendant physically prevented the plaintiff from access to the company premises, and deliberately prevented a full disclosure to the plaintiff of the company's business as reflected in its books and records." The Referee had no authority to grant the motion on that ground, since the order for examination did not require that respondent be granted access to the company's premises. Moreover, the said order and judgment are not sustained by the proof in this record. Nolan, P. J., Wenzel, Ughetta and Hallinan, JJ., concur; Beldock, J., concurs in the reversal of the order and judgment and in the dismissal of the appeals, but dissents from the reversal of the order of September 3, 1958 and votes to affirm that order on the ground that, in view of the oral stipulation of the parties, the Referee was justified in striking out the answers.